DEVIN DERHAM-BURK, #104353
CHAPTER 13 STANDING TRUSTEE
DEVIN L. PACE #256514
NANETTE DUMAS #148261
JANE Z. BOHRER #243692
P.O. BOX 50013
SAN JOSE, CA  95150-0013

TELEPHONE:   (408) 354-4413
FACSIMILE:   (408) 354-5513

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

IN RE:

LOAN KIM NGUYEN and
THACH NGOC TRAN,

Debtors.

CHAPTER 13 CASE NO. 16-51487 SLJ

**OBJECTION TO AND REQUEST FOR HEARING ON DEBTORS' MOTION FOR AUTHORITY TO SELL REAL PROPERTY IN CHAPTER 13 CASE**

(with attached certificate of service)

Date:     None set
Time:     None set
Judge:    Hon. Stephen L. Johnson

Devin Derham-Burk, Chapter 13 Standing Trustee ("Trustee"), submits the following objection and request for hearing ("Opposition") regarding a Motion to for Authority to Sell Real Property ("Motion") that debtors, Loan Kim Nguyen and Thach Ngoc Tran ("Debtors"), filed on October 6, 2016. [Docket # 46]. In support of the Opposition, the Trustee asks the

Court to take judicial notice of its own files and records in this case pursuant to Fed. R. Evid. 201, which is applicable to bankruptcy proceedings pursuant to Fed. R. Bankr. P. 9017.

**Background Facts**

1. Debtors filed their chapter 13 petition on May 17, 2016. [Docket # 1]. On the petition date, Debtors also filed their proposed chapter 13 plan, which they have since amended. [Docket #2 and #12].

2. Debtors' most recent plan, filed on June 20, 2016, provides for the Trustee to disburse on certain mortgage arrears owed to Wells Fargo Bank, N.A. ("Wells Fargo"), a debt that is secured by certain real property that Debtors own, located at 1650 Lederer Circle, San Jose, CA 95131 ("Property"). [Docket #12 at § 2.04]. According to Wells Fargo's filed proof of claim, the bank's secured claim includes $184,548.43 in pre-petition mortgage arrears. *See* Claims Register, Claim No. 5-1.

3. In July and August 2016, Wells Fargo sought and obtained this Court's order confirming that there is no automatic stay in effect with respect to Wells Fargo's rights against the Property ("August 30 Order"). [Docket #15 and #31]. The August 30 Order specifically provides that, upon its entry, the Trustee shall cease making payments in regard to Wells Fargo's secured claim related to the Property. [Docket #31 at ¶5].

4. Faced with the potential for foreclosure, Debtors hired a broker to list the Property for sale and, on October 6, 2016 filed the Motion presently before the Court. [Docket #42 and #46].

5. In the Motion, Debtors seek court permission to sell the Property for $840,000.00 through their bankruptcy case. Debtors propose to use sale proceeds to pay-off Wells Fargo's deed of trust that encumbers the Property, including the $184,548.43 in pre-petition mortgage arrears. However, Debtors do not intend to pay-off their Plan. Rather, they have indicated that

they will amend their plan to propose a reduction in their plan payments after the sale is complete.

**Objections**

6. Any order approving the proposed sale must specifically provide that, notwithstanding the August 30 Order, the Trustee shall disburse on all pre-petition mortgage arrears out of escrow. This language is necessary because the August 30 Order, in anticipation of Wells Fargo's foreclosure of the Property, specifically directs that the Trustee shall not make disbursements on Wells Fargo's arrearage claim. Now, circumstances have changed. Debtors anticipate selling the Property through their bankruptcy, and their plan provides for the Trustee to disburse on Wells Fargo's arrearage claim. The Trustee needs language allowing her to disburse notwithstanding the Court's August 30 Order.

7. Because this case is not yet confirmed, the Trustee objects to the Motion to the extent that Debtors may be requesting that any net proceeds be paid to them. The Trustee requests that any order authorizing the sale provide that 1) all net proceeds be paid to the Trustee directly from escrow; and, 2) the Trustee shall hold the net proceeds subject to futher order of the Court.

8. Debtors have failed to provide their own declaration setting forth the terms of the proposed transaction – the Motion is supported only by a declaration of their counsel.

9. The Motion otherwise fails to provide sufficient information and evidence in support of the transaction. That lack of evidence prevents proper evaluation of the proposed sale and its effect on this case. At a minimum, the following information is missing:

    a.    Whether the Property is the Debtors' residence;

    b.    The identity of the proposed buyer(s) and whether this transaction is an arm's length transaction;

  c. The name of the title company, escrow number and name and contact information for the title officer handling this transaction;

  d. The name, address and contact information for all realtor(s) and/or broker(s) handling this transaction;

  e. Whether Debtors will receive proceeds from this transaction and, if so, in what amount; and,

  f. An estimated closing statement.

10. Because any pre-petition arrearage claims are claims on which the Trustee rightfully is the disbursing agent, the Trustee requests that the following standard language be included in any order approving the requested sale of the Property:

> As a condition of this transaction [NAME OF TITLE COMPANY] shall comply with and satisfy the escrow demand of Devin Derham-Burk, Chapter 13 Trustee. If the Chapter 13 Trustee does not intend to submit a demand, she shall notify the escrow agent in writing. Per her demand, the Trustee shall be the disbursing agent on Proofs of Claim relating to this case, filed with the clerk's office of the bankruptcy court.

11. The Trustee requests that she approve the form of any order on the Motion prior to its submission to the Court.

## **Conclusion**

WHEREFORE, for each and all of the foregoing reasons, the Trustee requests a hearing on the Motion and asks that the Court deny Debtors' Motion unless and until the above concerns are resolved.

October 27, 2016          Respectfully submitted,

                  /s/ *Jane Z. Bohrer*
                  Attorney for the Chapter 13 Trustee

# CERTIFICATE OF SERVICE
### [B.R. 7005, F.R.C.P. 5, B.L.R. 9013-3(c)]

I am not less than 18 years of age and not a party to the within case. My business address is 983 University Avenue, Los Gatos, California. I am familiar with the processing of correspondence for mailing with the United States Postal Service. Correspondence placed in the internal mail collection system at the Office of Devin Derham-Burk, Chapter 13 Standing Trustee is deposited with the United States Postal Service that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

On October 27, 2016 a true and accurate photo-copy of the following described document,

**OBJECTION TO AND REQUEST FOR HEARING ON DEBTORS' MOTION FOR AUTHORITY TO SELL REAL PROPERTY IN CHAPTER 13 CASE**

was placed for service, in the Trustee's internal mail collection system, in a sealed envelope to be delivered by mail with the United States Postal Service with postage prepaid, postage addressed as follows:

| | |
|---|---|
| **Loan Kim Nguyen**<br>**Thach Ngoc Tran**<br>1650 Lederer Circle<br>San Jose, CA 95131<br><br>DEBTORS | **James Jingming Cai**<br>Schein and Cai LLP<br>111 N Market St. #1020<br>San Jose, CA 95113<br><br>COUNSEL FOR DEBTORS |
| **Gilbert R. Yabes**<br>Aldridge Pite LLP<br>4375 Jutland Drive, Suite 200<br>P.O. Box 17933<br>San Diego, CA 92177-0933<br><br>COUNSEL FOR LENDER<br>WELLS FARGO | **Wells Fargo Bank, N.A.**<br>Default Document Processing<br>N9286-01Y<br>1000 Blue Gentian Road<br>Eagan, MN 55121-7700<br><br>LENDER<br>(notice address per proof of claim) |

I declare under penalty of perjury under the laws of the United States of America and of the State of California that the foregoing is true and correct and that this declaration was executed on October 27, 2016 at Los Gatos, California.

/s/ *Jane Z. Bohrer*